IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

A.H.C.C.,                                      :
                                               :
                    Petitioner,                :
                                               :
v.                                             :        Case No. 7:25-cv-192–WLS-ALS
                                               :              28 U.S.C. § 2241
WARDEN, IRWIN CO. DETENTION                    :
CENTER, *et al.*,                              :
                                               :
                    Respondents.               :

---

### ORDER

Before the Court is Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241.

(ECF No. 1). In relevant part, Petitioner seeks a writ of habeas corpus requiring Respondents to

provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) of the Immigration and Nationality

Act. *Id.* at 8. Respondents moved to dismiss but subsequently withdrew that motion and now oppose

Petitioner's request for habeas relief. (ECF Nos. 6–8). Having reviewed Petitioner's application, the

Court finds that Petitioner is currently detained under 8 U.S.C. § 1226(a) and therefore not subject to

mandatory detention as required by 8 U.S.C. § 1225(b)(2).[1] *See J.A.M. v. Streeval*, No. 4:25-CV-342-

CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *P.R.S. v. Streeval*, No. 4:25-CV-330-CDL, 2025

WL 3269947 (M.D. Ga. Nov. 24, 2025). Accordingly, Petitioner's application for habeas corpus relief

is granted to the extent that Respondents shall provide Petitioner with a bond hearing within **SEVEN**

---

[1] To the extent that the Parties make arguments based on a belief that Petitioner is a member of the "Bond Eligible Class" previously certified in the matter of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, any potential membership in that class has no effect on the Court's decision for several reasons. First, habeas relief was sought only by the named petitioners in that case. Second, the named petitioners did not seek nationwide habeas relief. Third, in granting declaratory relief, the District Court correctly noted that habeas relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Maldonado Bautista*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d. ----, 2025 WL 3713987, at *14 (C.D. Cal. Dec. 18, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004), for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'").

**(7) DAYS** to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.[2]

**IT IS SO ORDERED**, this 6th day of January 2026.

W. LOUIS SANDS
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.